IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK FITZHENRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAREER EDUCATION CORPORATION,<br><br>Defendant. | NO. 1:14-cv-10172<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

### Preliminary Statement

Plaintiff, Mark Fitzhenry, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

### NATURE OF ACTION

1. Plaintiff, individually and as a class representative for all others similarly situated, brings this action against Defendant Career Education Corporation for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### PARTIES

2. Plaintiff, Mark Fitzhenry ("Plaintiff"), is a citizen of South Carolina.

3. Defendant, Career Education Corporation ("Defendant"), is a Delaware corporation with its principal place of business in Schaumburg, Illinois. Defendant, thus, is a citizen of Illinois. Defendant is registered to do and is doing business in Illinois and throughout the United States.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state as that of Defendant.

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. This Court has personal jurisdiction over Defendant because it has submitted to Illinois jurisdiction by registering with the Secretary of State to do business in the state of Illinois, and a substantial part of the wrongful acts alleged in this Complaint were committed in Illinois.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant resides in this District.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

10. Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone

Consumer Protection Act of 1991, Memorandum and Order, 10 F.C.C.R. 12391, 12397 ¶ 13 (1995).

11. The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6574 (2013).

## FACTUAL ALLEGATIONS

**A.  Factual Allegations Regarding Plaintiff**

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. On September 17, 2014, Plaintiff received a telemarketing call on his cellular telephone, (843) XXX-XXXX, from, or on behalf of, Defendant.

14. When Plaintiff answered the call, there was a click and a distinctive pause before the calling party came on the line, which indicated to him that the call was made using an automatic dialing system.

15. The caller identified herself as Eyleshia of Colorado Technical University ("CTU") and provided Plaintiff with the company's website, www.ctuonline.com, and telephone number, (630) 967-5222.

16. Defendant owns and operates the website www.ctuonline.com.

17. Eyleshia informed Plaintiff that the call was for purposes of marketing CTU's education programs.

18. During the telephone call, Eyleshia informed Plaintiff that the call was made using an automatic dialing system.

19. After speaking with Plaintiff, Eyleshia transferred the call to Renell Ridley, who identified herself as an admissions advisor at CTU, working in the online division located in Chicago, Illinois.

20. During the call, Ms. Ridley confirmed that Eyleshia worked in CTU's call center.

21. The facts in the preceding paragraphs indicate the call to Plaintiff was made using an automatic telephone dialing system ("ATDS"), as defined in the TCPA.

22. Plaintiff did not provide his cellular telephone number to Defendant.

23. Plaintiff did not provide prior express written consent to receive ATDS generated and/or automated or prerecorded calls on his cellular telephone from, on behalf of, Defendant.

**B.      Factual Allegations Regarding Defendant**

24. Defendant owns and operates various private educational institutions, including CTU.

25. Part of Defendant's strategy for increasing the volume of its students involves the use of an automatic telephone dialing system ("ATDS") and/or automated or prerecorded messages to solicit business.

26. Defendant uses ATDS equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers.

27. Many of the recipients of these calls did not consent to receive such telephone calls.

28. Defendant also makes calls using an ATDS and/or artificial or prerecorded voice to cellular telephones whose owners have not provided express prior consent to receive such calls, including Plaintiff.

29. In 2010, Defendant was the defendant in a putative class action lawsuit relating to the telemarketing activities of its authorized dealers alleged to be in violation of the TCPA. *See Rojas v. Career Education Corporation*, United States District Court for the Northern District of Illinois (Eastern Division), Case No. 10-cv-05260.

30. After two years of litigation, the parties reached a class action settlement in *Rojas v. Career Education Corporation*. The Final Order in that action enjoined Defendant from "usin[ing] any automatic telephone dialing system as defined by the TCPA to send SMS

messages to cellular telephones unless each message recipient has given prior express consent" for a period of two years. *See Id.* at Doc. No. 67 at 5-6.

31. Unfortunately, Plaintiff's experience with Defendant is not unique. Many reports of telemarketing abuse may be found on the internet. The following are two examples of complaints:

> Nancy
> 4 Aug 2011
> Thanks everyone for taking the time to post about this obnoxious school making all these harassing phone calls and wasting everyone's time. Calls from these @#$# people come several times a day, even weekends. My number is on the "Do Not Call List", and I told them last week I would call the police if they called one more time. I have filed a police report and I hope they are prosecuted. The calls are still coming in, but we will see after two days.
> Thanks to the person who posted the website chat. I just completed that and they said it would take 2 days. I told them to put a rush on it.
> Caller: Colorado Technical University

*See* http://800notes.com/Phone.aspx/1-224-653-7000/17 (Last Visited November 25, 2014).

> 3 May 2012
> Been receiving about 4 calls per day. I have advised them numerous times that they have a wrong number.They (sic) say they are going to remove my number. But don't. This needs to stop.
> Caller: Colorado Technical

*See* http://800notes.com/Phone.aspx/1-312-568-2144/2 (Last Visited November 25, 2014).

32. Defendant is responsible for making the above-described ATDS generated and/or automated or prerecorded calls to Plaintiff and online complainants.

33. Defendant has made a significant number of ATDS generated and/or automated or prerecorded calls to persons in Illinois, South Carolina, and throughout the entire United States.

34. Defendant intends to continue to make similar ATDS generated and/or automated or prerecorded calls to persons on their cellular telephones in Illinois, South Carolina, and throughout the United States.

## **CLASS ACTION ALLEGATIONS**

35. <u>Class Definition</u>. Pursuant to CR 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of a National Class defined as follows:

> All persons in the United States to whom: (a) Defendant and/or a third party acting on Defendant's behalf, made one or more non-emergency telephone calls; (b) promoting Defendant's goods or services; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

Collectively, all of these persons will be referred to as members of the Class. Plaintiff represents, and is a member, of the Class.

36. Excluded from Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

37. <u>Numerosity</u>. Plaintiff does not know the exact number of members in the Class but Plaintiff reasonably believes that the Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 1,000 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

38. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

      b.      Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff and members of the Class to treble damages;

      c.      Whether the Defendant can meet its burden of showing it obtained consent (*i.e.*, written consent that is clearly and unmistakably stated), to make such calls;

      d.      Whether the Defendant's conduct was knowing and/or willful;

      e.      Whether the Defendant is liable for statutory damages; and

      f.      Whether the Defendant should be enjoined from engaging in such conduct in the future.

39.     <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims, like the claims of Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

40.     <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with those of the proposed Class.

41.     <u>Predominance</u>.  Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

42.     <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply

with the TCPA.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

43. <u>Injunctive and Declaratory Relief Appropriate</u>.  Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.  Moreover, on information and belief, Plaintiff alleges that the automated calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## **CAUSES OF ACTION**

### **FIRST COUNT**

### **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
### **47 U.S.C. § 227(b)(1)(A)**

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

45. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities action on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

46. As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class presumptively are entitled to an award of $500 in statutory damages for each and every call to their cellular telephone numbers using and ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting the Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 46 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

48. Plaintiff and members of the Class are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)

49. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

50. The foregoing acts and omissions of the Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

51. As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

52. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded in the future.

53. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of the members of the Class, prays for judgment against Defendant as follows:

A. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

B. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA, to be paid jointly and severally by Defendant;

C. As a result of Defendant's statutory violations of 47 U.S.C. § 227(b), Plaintiff seeks for himself and each Class member $500 in statutory damages for each and every call that violated the TCPA, to be paid jointly and severally by Defendant;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class, to be paid jointly and severally by Defendant;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

F. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY**

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 21st day of January, 2014.

        BURKE LAW OFFICES, LLC


        By:   /s/ Alexander H. Burke
                Alexander H. Burke
                Email:  aburke@burkelawllc.com
                155 North Michigan Avenue, Suite 9020
                Chicago, Illinois  60601
                Telephone:  (312) 729-5288
                Facsimile:  (312) 729-5289

                Beth E. Terrell
                Email: bterrell@tmdwlaw.com
                Mary B. Reiten
                Email:  mreiten@tmdwlaw.com
                TERRELL MARSHALL DAUDT & WILLIE PLLC
                936 North 34th Street, Suite 300
                Seattle, Washington  98103-8869
                Telephone:  (206) 816-6603
                Facsimile:  (206) 350-3528

                Edward A. Broderick
                Email: ted@broderick-law.com
                Anthony Paronich
                Email: anthony@broderick-law.com
                BRODERICK LAW, P.C.
                125 Summer St., Suite 1030
                Boston, MA  02110
                Telephone:  (617) 738-7080

                Matthew P. McCue, Esq.
                Email: mmccue@massattorneys.net
                THE LAW OFFICE OF MATTHEW P. MCCUE
                1 South Avenue, Suite 3
                Natick, Massachusetts 01760
                Telephone:  (508) 655-1415
                Facsimile:  (508) 319-3077

*Attorneys for Plaintiff and the Proposed Class*